UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,　　　　　) | C 15-00325 KAW |
| 　　　　Plaintiff,　　　　　　　　　　) | |
| 　　　　v.　　　　　　　　　　　　　　) | CONSENT DECREE OF |
| FONG KEE TOFU CO., INC.,　　　　　　) | PERMANENT INJUNCTION |
| a corporation, and　　　　　　　　　) | |
| JEN YING FONG, SUNY FONG, and　　　) | |
| YAN HUI FANG, individuals,　　　　　) | |
| 　　　　Defendants.　　　　　　　　　) | |

Plaintiff, the United States of America, by its undersigned attorneys, having filed a Complaint For Permanent Injunction against Fong Kee Tofu Co., Inc., a corporation, and Jen Ying Fong, Suny Fong, and Yan Hui Fang, individuals (collectively "Defendants"), and Defendants having appeared and consented to entry of this Consent Decree of Permanent Injunction ("Decree") without contest and before any testimony has been taken, and the United States of America, having consented to this Decree;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.　　　This Court has jurisdiction over the subject matter and all parties to this action.

2.　　　The Complaint states a cause of action against Defendants under the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 301 et seq. (the "Act").

3.　　　Defendants violate the Act, 21 U.S.C. § 331(k), by causing articles of food, within the meaning of 21 U.S.C. § 321(f), to become adulterated, within the meaning of 21 U.S.C. § 342(a)(4), while such articles are held for sale after shipment of one or more components in interstate commerce.  The articles of food are adulterated within the meaning of 21 U.S.C.

§ 342(a)(4) in that they have been prepared, packed, or held under insanitary conditions whereby they may have become contaminated with filth.

4.     Defendants violate the Act, 21 U.S.C. § 331(k), by causing certain articles of food, within the meaning of 21 U.S.C. § 321(f), to become misbranded within the meaning of 21 U.S.C. §§ 343(e), (f), (i)(1), (i)(2),(q), and/or (w), while such articles are held for sale after shipment of one or more of their components in interstate commerce.

5.     Defendants and each and all of their directors, officers, agents, representatives, employees, attorneys, successors, assigns, and any and all persons or entities in active concert or participation with any of them (including individuals, partnerships, corporations, subsidiaries, and affiliates), who receive actual notice of this Decree (collectively, "Associated Persons"), are hereby permanently restrained and enjoined, under 21 U.S.C. § 332(a) and the equitable authority of this Court, from directly or indirectly receiving, preparing, processing, manufacturing, labeling, packing, holding, and distributing any food at 1135 Revere Avenue, San Francisco, California 94124, or at or from any other locations at which Defendants now, or in the future, directly or indirectly receive, prepare, process, manufacture, label, pack, hold, and/or distribute food ("the facility"), unless and until:

A.     Defendants retain, at their expense, an independent person or persons (the "Sanitation Expert") who is without any personal or financial ties (other than the retention agreement) to Defendants or their families, and who, by reason of background, education, training, or experience, is qualified to develop and implement a written sanitation control program that will protect food, food-contact surfaces, and food-packaging materials from contamination from any source, including, but not limited to, chemicals, toxins, microorganisms, and filth, and determine whether Defendants comply with the Act and its implementing

regulations, including, but not limited to, the current good manufacturing practice ("cGMP") requirements for food, see 21 C.F.R. Part 110, and:

      i.    Defendants notify the United States Food and Drug Administration ("FDA") in writing of the name(s) and qualifications of the Sanitation Expert as soon as they retain such expert;

      ii.    The Sanitation Expert develops a written sanitation control program (the "Program"), including a written employee training program, for receiving, preparing, processing, manufacturing, packing, holding, and distributing Defendants' articles of food, and such plan is submitted to FDA prior to implementation.  The plan should, among other things, require that the adequacy of cleaning and sanitizing be verified through generalized microbial testing, such as aerobic plate count or adenosine triphosphate ("ATP") testing;

      iii.    Defendants receive written notification from FDA approving the Program;

      iv.    Defendants make the FDA-approved Program available and accessible (in English, Spanish, and Chinese) to all their employees;

      v.    Defendants assign responsibility and authority for implementing and monitoring the FDA-approved Program on a continuous basis to an employee who is trained in sanitation control requirements and qualified to implement and monitor the FDA-approved Program;

      vi.    The Sanitation Expert conducts a comprehensive inspection of the facility and Defendants' methods and controls used to receive, prepare, process, manufacture, pack, hold, and distribute foods to determine whether Defendants have adequately established and implemented the FDA-approved Program, whether Defendants have adequately addressed

1    the FDA investigators' inspectional observations listed on each Form FDA-483 issued to

2    Defendants since 2010, and whether Defendants comply with the Act, and its implementing

3    regulations, including the cGMP requirements for food;

4            vii.    Within twenty (20) business days after the inspection described in

5    paragraph 5(A)(vi) is completed, the Sanitation Expert prepares and submits contemporaneously

6    to FDA and Defendants, by courier service or overnight delivery service, a written report of the

7    inspection, which shall include a list of any observed deviations from the FDA-approved

8    Program, the Act, and its implementing regulations, including, but not limited to, the cGMP

9    requirements for food;

10           viii.    Defendants notify FDA and the Sanitation Expert in writing of the

11   actions they have taken to correct each and all deviations listed in the Sanitation Expert's report,

12   if any;

13           ix.    The Sanitation Expert certifies to FDA in writing that, based upon

14   the Sanitation Expert's inspection and Defendants' response, if any, as described in paragraphs

15   5(A)(vi) and 5(A)(viii), the facility and Defendants' methods and controls used to receive,

16   prepare, process, manufacture, pack, hold, and distribute food appear to be in compliance with

17   the FDA-approved Program, the Act, and its implementing regulations, including, but not limited

18   to, the cGMP requirements for food;

19           x.    FDA, as and when it deems necessary, inspects the facility,

20   including the buildings, equipment, utensils, food, and all relevant records contained therein, to

21   evaluate Defendants' compliance with this Decree, the Act, and its implementing regulations.  If

22   FDA decides to inspect Defendants' facility pursuant to this paragraph, FDA will initiate the

23   inspection within forty (40) business days after receiving the Sanitation Expert's certification

24

25

26

27

28

CONSENT DECREE OF PERMANENT INJUNCTION
C 15-00325 KAW         4

1  pursuant to paragraph 5(A)(ix), or as soon as practicable in the event that FDA representatives

2  are attending to FDA matters that cannot be rescheduled; and

3                      xi.      Defendants receive written notification from FDA that the facility

4  and Defendants' methods and controls used to receive, prepare, process, manufacture, pack,

5  hold, and distribute food appear to be in compliance with the Act and its implementing

6  regulations;

7                  B.      Defendants retain, at their expense, an independent person or persons (the

8  "Labeling Expert") who is without any personal or financial ties (other than the retention

9  agreement) to Defendants or their families, except that the Labeling Expert may be the same

10  person(s) as the Sanitation Expert, and who, by reason of background, education, training, or

11  experience, is qualified to determine whether Defendants' products are labeled in compliance

12  with the Act and its implementing regulations, including, but not limited to, the food labeling

13  requirements, see, e.g., 21 C.F.R. Part 101, and:

14                      i.      Defendants notify FDA in writing of the name(s) and

15  qualifications of the Labeling Expert as soon as they retain such expert;

16                      ii.      The Labeling Expert performs a review of each and all of

17  Defendants' products' labeling to determine whether each product's labeling complies with the

18  Act and its implementing regulations, including, but not limited to, the food labeling

19  requirements;

20                      iii.      Within twenty (20) business days after the review described in

21  paragraph 5(B)(ii) is completed, the Labeling Expert prepares and submits contemporaneously to

22  FDA and Defendants, by courier service or overnight delivery service, a written report of the

23

24

25

26

27

28

CONSENT DECREE OF PERMANENT INJUNCTION
C 15-00325 KAW                    5

1   review, which shall include a list of observed deviations, if any, from compliance with the Act

2   and its implementing regulations, including, but not limited to, the food labeling requirements;

3           iv.    Defendants notify FDA and the Labeling Expert in writing of the

4   actions they have taken to correct all deviations listed in the Labeling Expert's report, if any;

5           v.    The Labeling Expert certifies to FDA in writing that all of

6   Defendants' products' labeling complies with the Act, and its implementing regulations,

7   including, but not limited to, the food labeling requirements;

8           vi.    Defendants submits to FDA true and complete copies of any and

9   all product labeling and FDA reviews such labeling to evaluate Defendants' compliance with the

10  Act and its implementing regulations; and

11          vii.    Defendants receive written notification from FDA that their

12  products' labeling appears to be in compliance with the Act and its implementing regulations;

13      C.    Defendants recall and destroy, at their expense, under FDA's supervision,

14  and in accordance with the procedures provided in paragraph 6, all articles of food (including,

15  but not limited to, in-process and finished articles of food), excluding fresh tofu, that were

16  received, prepared, processed, manufactured, labeled, packed, held, and/or distributed between

17  March 19, 2014 and the date of entry of this Decree.  Defendants shall also recall and destroy, at

18  their expense, under FDA's supervision, and in accordance with the procedures provided in

19  paragraph 6, all fresh tofu that was received, prepared, processed, manufactured, labeled, packed,

20  held, and/or distributed within thirty (30) business days before entry of this Decree;

21      D.    Defendants pay all costs of FDA's supervision, inspections, investigations,

22  analyses, examinations, sampling, testing, reviews, document preparation, travel, and subsistence

23  expenses incurred under paragraph 5, at the rates set forth in paragraph 10 of this Decree; and

24

25

26

27

28

CONSENT DECREE OF PERMANENT INJUNCTION
C 15-00325 KAW        6

E.     Defendants receive written authorization from FDA to resume receiving, preparing, processing, manufacturing, labeling, packing, holding, and distributing articles of food at and from the facility.  In no circumstance shall FDA's silence be construed as a substitute for written authorization.

6.     Within ten (10) business days after entry of this Decree and also within ten (10) business days after receiving any recalled food, Defendants shall, under FDA's supervision and pursuant to a method approved in advance in writing by FDA, destroy all food in Defendants' possession, custody, and/or control.  Defendants shall reimburse FDA for supervising the destruction at the rates set forth in paragraph 10 of this Decree.

7.     Within thirty (30) business days after receiving the written authorization described in paragraph 5(E), Defendants shall retain at their expense, an independent person or persons (the "Auditor") who is without any personal or financial ties (other than the retention agreement) to Defendants or their families, except that the Auditor may be the same person(s) as the Sanitation Expert and/or the Labeling Expert, and who, by reason of background, education, training, or experience, is qualified to determine whether the facility and Defendants' methods and controls used to receive, prepare, process, manufacture, label, pack, hold, and distribute food comply with the Act and its implementing regulations, including, but not limited to, the cGMP and food labeling requirements.  See, e.g., 21 C.F.R. Parts 101 (food labeling), 110 (cGMP). Thereafter:

A.     Defendants shall notify FDA in writing of the name(s) and qualifications of the Auditor as soon as they retain such auditor;

CONSENT DECREE OF PERMANENT INJUNCTION
C 15-00325 KAW                              7

B.      The Auditor shall conduct audit inspections of Defendants' food manufacturing operations at least once every six (6) months, for a period of no less than five (5) years, and then at least once every year thereafter;

C.      Within five (5) business days after the start of the audit inspection, Defendants shall submit concurrently to the Auditor and FDA true and complete copies of the labeling for each and all of Defendants' products;

D.      The Auditor shall review all such labeling to determine whether each product's labeling complies with the Act and its implementing regulations, including, but not limited to, the food labeling requirements;

E.      At the conclusion of each audit inspection, the Auditor shall prepare a detailed written report ("Audit Report") analyzing whether Defendants are in compliance with this Decree, the Act, and its implementing regulations and identifying any deviations ("Audit Report Observations").  As part of every Audit Report, except the first Audit Report, the Auditor shall assess the adequacy of corrective actions taken by Defendants to correct all previous Audit Report Observations.  The Audit Reports shall be delivered contemporaneously to Defendants and FDA, by courier service or overnight delivery service, no later than ten (10) business days after the date the audit inspection(s) is completed.  In addition, Defendants shall maintain the Audit Reports in separate files at their facility and shall promptly make the Audit Reports available to FDA upon request;

F.      If an Audit Report contains any Audit Report Observations indicating that Defendants are not in compliance with this Decree, the Act, and/or its implementing regulations, Defendants shall, within fifteen (15) business days after receipt of the Audit Report, make all necessary corrections, unless FDA notifies Defendant in writing that a shorter time frame is

CONSENT DECREE OF PERMANENT INJUNCTION
C 15-00325 KAW                    8

1   required.  If, after receiving the Audit Report, Defendants believe that a correction of the

2   deviations will take longer than fifteen (15) business days, Defendants shall, within five (5)

3   business days after receiving the Audit Report, submit to FDA in writing a proposed schedule for

4   completing corrections ("Correction Schedule").  The Correction Schedule must be reviewed and

5   approved by FDA in writing prior to implementation by Defendants.  In no circumstance shall

6   FDA's silence be construed as a substitute for written approval; and

7           G.      Within twenty (20) business days after Defendants receive the Audit

8   Report or within the time frame provided in the Correction Schedule approved by FDA, the

9   Auditor shall review each and all corrective action(s) taken by Defendants.  Within five (5)

10  business days after beginning that review, the Auditor shall report in writing to FDA whether

11  each of the Audit Report Observations has been corrected, and, if not, which Audit Report

12  Observations remain uncorrected.

13          8.      Defendants and each and all of the Associated Persons who receive actual notice

14  of this Decree, are permanently restrained and enjoined under the provisions of 21 U.S.C.

15  § 332(a) from, directly or indirectly, doing or causing any act that:

16          A.      Violates 21 U.S.C. § 331(k), by causing articles of food within the

17  meaning of 21 U.S.C. § 321(f) to become misbranded within the meaning of 21 U.S.C. § 343

18  while such articles are held for sale after shipment of one or more of their components in

19  interstate commerce;

20          B.      Violates 21 U.S.C. § 331(k), by causing articles of food within the

21  meaning of 21 U.S.C. § 321(f) to become adulterated within the meaning of 21 U.S.C.

22  § 342(a)(4) while such articles are held for sale after shipment of one or more of their

23  components in interstate commerce; and/or

24

25

26

27

28

CONSENT DECREE OF PERMANENT INJUNCTION
C 15-00325 KAW                                    9

C.      Results in the failure to implement and continuously maintain the requirements of this Decree.

9.      Representatives of FDA shall be permitted, without prior notice and as and when FDA deems necessary, to make inspections of the Defendants' operations and facility and any other locations at or from which Defendants receive, prepare, process, manufacture, label, pack, hold, and/or distribute articles of food and, without prior notice, to take any other measures necessary to monitor and ensure continuing compliance with the terms of this Decree, the Act, and its implementing regulations.  During the inspections, FDA shall be permitted to have immediate access to buildings, equipment, raw ingredients, finished and unfinished materials and products, containers, labeling, and packaging material therein; to take photographs and make video recordings; to take samples of Defendants' raw ingredients, finished and unfinished materials and products, containers, labeling, packaging material, and other material; and to examine and copy all records related to receiving, preparing, processing, manufacturing, labeling, packing, holding, and distributing of any and all of Defendants' products.  The inspections shall be permitted upon presentation of a copy of this Decree and appropriate credentials.  The inspection authority granted by this Decree is separate from, and in addition to, the authority to make inspections under the Act, 21 U.S.C. § 374.

10.     Defendants shall pay all costs of FDA's supervision, inspections, investigations, analyses, examinations, sampling, testing, reviews, document preparation, travel, and subsistence expenses that FDA deems necessary to evaluate Defendants' compliance with any part of this Decree, at the standard rates prevailing at the time costs are incurred, and Defendants shall make payment in full to FDA within twenty (20) business days of receiving written notification from FDA of the costs.  As of the date that this Decree is signed by the parties, these rates are:  $89.35

per hour and fraction thereof per representative for inspection or investigative work; $107.09 per hour or fraction thereof per representative for analytical or review work; $0.575 per mile for travel by automobile; government rate or the equivalent for travel by air or other means; and the published government per diem rate or the equivalent for the areas in which the inspections are performed per representative and per day for subsistence expenses.  In the event that the standard rates applicable to FDA supervision of court-ordered compliance are modified, these rates shall be increased or decreased without further order of the Court.

11.   Within ten (10) business days after entry of this Decree, Defendants shall post a copy of this Decree (in English, Spanish, and Chinese) prominently in an employee common area at Defendants' facility and shall ensure that this Decree remains posted for as long as this Decree remains in effect.  Within fifteen (15) business days after entry of this Decree, Defendants shall provide to FDA an affidavit, from a person with personal knowledge of the facts stated therein, stating the fact and manner of Defendants' compliance with this paragraph.

12.   Within ten (10) business days after entry of this Decree, Defendants shall hold a general meeting or series of smaller meetings for all employees, at which they shall describe the terms and obligations of this Decree.  Within fifteen (15) business days after entry of this Decree, Defendants shall provide to FDA an affidavit, from a person with personal knowledge of the facts stated therein, stating the fact and manner of Defendants' compliance with this paragraph, and a copy of the agenda, list of attendees, and meeting minutes from the meeting(s) held pursuant to this paragraph.

13.   Within ten (10) business days after entry of this Decree, Defendants shall provide a copy of this Decree, by personal service or certified mail (restricted delivery, return receipt requested), to each and all of the Associated Persons.  Defendants shall provide to FDA within

CONSENT DECREE OF PERMANENT INJUNCTION
C 15-00325 KAW                    11

1    twenty (20) business days after the date of the entry of this Decree an affidavit, from a person

2    with personal knowledge of the facts state therein, stating the fact and manner of compliance and

3    identifying the names, addresses, and positions of all persons so notified, and attaching a copy of

4    the executed certified mail return receipts.

5    14.    In the event that any Defendant becomes associated with any additional

6    Associated Person(s) at any time after entry of this Decree, Defendants shall immediately

7    provide a copy of this Decree, by personal service or certified mail (restricted delivery, return

8    receipt requested), to such Associated Person(s).  Within ten (10) business days of each instance

9    that any Defendant becomes associated with any additional Associated Person, Defendants shall

10   provide to FDA an affidavit, from a person with personal knowledge of the facts stated therein,

11   stating the fact and manner of Defendants' compliance with this paragraph, identifying the

12   names, addresses, and positions of all persons who received a copy of this Decree pursuant to

13   this paragraph, and attaching a copy of the executed certified mail return receipts.  Within ten

14   (10) business days of receiving a request from FDA for any information or documentation that

15   FDA deems necessary to evaluate Defendants' compliance with this paragraph, Defendants shall

16   provide such information or documentation to FDA.

17   15.    Defendants shall notify FDA in writing at least fifteen (15) business days before

18   any change in ownership, name or character of their business, including reorganization,

19   relocation, dissolution, bankruptcy, assignment, sale resulting in the emergence of a successor

20   business or corporation, the creation or dissolution of subsidiaries, or any other change in the

21   corporate structure or identity of Fong Kee Tofu Co., Inc., or any of their parents or subsidiaries,

22   or the sale or assignment of any business assets,  such as buildings, equipment, or inventory, that

23   may affect compliance with the obligations arising from this Decree.  Defendants shall provide

24

25

26

27

28

CONSENT DECREE OF PERMANENT INJUNCTION
C 15-00325 KAW                    12

1   any prospective successor or assign with a copy of this Decree at least ten (10) business days

2   prior to any assignment or change in business, and shall provide FDA with an affidavit, from a

3   person with personal knowledge of the facts stated therein, stating the fact and manner of

4   Defendants' compliance with this paragraph, no later than ten (10) business days after providing

5   a copy of this Decree to a prospective successor or assign.

6       16.     If, at any time after entry of this Decree, FDA determines, based on the results of

7   an inspection, sample, analyses, or other information, that Defendants have failed to comply with

8   any provision of this Decree, have violated the Act or its implementing regulations, or that

9   additional corrective actions are necessary to achieve compliance with this Decree, the Act or its

10  implementing regulations, FDA may, as and when it deems necessary, notify Defendants in

11  writing and order Defendants to take appropriate action, including, but not limited to, ordering

12  Defendants to immediately take one or more of the following actions:

13          A.      Cease receiving, preparing, processing, manufacturing, labeling, packing,

14  holding, and/or distributing any articles of food;

15          B.      Recall all articles of food that have been distributed and/or are under the

16  custody and control of Defendants' agents, distributors, customers, or consumers;

17          C.      Submit samples of raw ingredients, in-process, or finished articles of food

18  to a qualified laboratory to determine whether they are contaminated with chemicals, toxins,

19  microorganisms, or filth; and/or

20          D.      Take any other corrective actions as FDA deems necessary to bring

21  Defendants into compliance with this Decree, the Act, and its implementing regulations.

22      The provisions of this paragraph shall be separate and apart from, and in addition to, all

23  other remedies available to FDA.  Defendants shall pay all costs of recalls and other corrective

24

25

26

27

28

CONSENT DECREE OF PERMANENT INJUNCTION
C 15-00325 KAW                    13

1   actions, including the costs of FDA's supervision, inspections, investigations, analyses,

2   examinations, sampling, testing, reviews, document preparation, travel, and subsistence expenses

3   to implement and monitor recalls and other actions, at the rates specified in paragraph 10 of this

4   Decree.

5       17.     Upon receipt of any order issued by FDA pursuant to paragraph 16, Defendants

6   shall immediately and fully comply with the terms of the order.  Any cessation of operations or

7   other action as described in paragraph 16 shall be implemented immediately upon notice from

8   FDA and shall continue until Defendants receive written notification from FDA that Defendants

9   appear to be in compliance with this Decree, the Act, and its implementing regulations and

10  written authorization from FDA to resume operations.  After a cessation of operations, and while

11  determining whether Defendants are in compliance with this Decree, the Act, and its

12  implementing regulations, FDA may require Defendants to re-institute or re-implement any of

13  the requirements of this Decree.

14      18.     If any Defendant fails to comply with the provisions this Decree, the Act, and/or

15  its implementing regulations, then Defendants shall pay to the United States of America

16  liquidated damages in the sum of three thousand dollars ($3,000) for each day that Defendants

17  fail to comply with this Decree, an additional sum of three thousand dollars ($3,000) in

18  liquidated damages per day for each violation of this Decree, the Act, and/or its implementing

19  regulations, and an additional sum equal to twice the retail value of each shipment of adulterated

20  or misbranded food.  Defendants understand and agree that the liquidated damages specified in

21  this paragraph are not punitive in nature and their imposition does not in any way limit the ability

22  of the United States to seek, and the Court to impose, additional civil or criminal penalties based

23  on the conduct that may also be the basis for payment of the liquidated damages.

24

25

26

27

28

CONSENT DECREE OF PERMANENT INJUNCTION
C 15-00325 KAW                     14

19.     If any Defendant violates this Decree and is found in contempt thereof, Defendants shall, in addition to other remedies, reimburse Plaintiff for its attorneys' fees, travel expenses incurred by attorneys and witnesses, expert witness fees, administrative and court costs, investigation and analytical expenses incurred in bringing the contempt action, and any other costs or fees related to the contempt proceedings.

20.     All decisions specified in this Decree shall be vested in the discretion of FDA. FDA's decisions shall be final and, if challenged, shall be reviewed by the Court under the arbitrary and capricious standard set forth in 5 U.S.C. § 706(2)(A).  Review by the Court of any FDA decision rendered pursuant to this Decree shall be based exclusively on the written record before FDA at the time the decision was made.  No discovery shall be taken by either party.

21.     All notifications, correspondence, and communications to FDA required by the terms of this Decree shall be prominently marked "Decree Correspondence," and addressed to District Director, San Francisco District Office, United States Food and Drug Administration, 1431 Harbor Bay Parkway, Alameda, California 94502, and shall reference this civil action by case name and civil action number.

22.     This Court retains jurisdiction of this action and the parties hereto for the purpose of enforcing and modifying this Decree and for the purpose of granting such additional relief as may be necessary and appropriate.


SO ORDERED, this  9th  day of _____February_____, 2015



_Kandis Westmore_____

UNITED STATES ~~DISTRICT~~ JUDGE

CONSENT DECREE OF PERMANENT INJUNCTION
C 15-00325 KAW                    15

1    Entry consented to:

2    For Defendants                     For Plaintiff

3

4    _____    MIKE BLUME

5    JEN YING FONG               Director

      Individually and on behalf of      Consumer Protection Branch

6    Fong Kee Tofu Co., Inc. as its Owner

7

                                 _____

8                                 MELANIE SINGH

                                 Counsel

9    _____    Consumer Protection Branch

      SUNY FONG, in his individual       Department of Justice, Civil Division

10    capacity                     P.O. Box 386

11                             Washington, D.C. 20044

                               Tel.: (202) 616-9928

12    _____    Fax: (202) 514-8742

      YAN HUI FANG, in his individual

13    capacity                     OF COUNSEL:

14

15    _____    WILLIAM B. SCHULTZ

                               General Counsel

16    Kasie Lee

      Attorney for Defendants Fong Kee Tofu    ELIZABETH H. DICKINSON

17    Co., Inc. and Suny Fong         Chief Counsel

18                             Food and Drug Division

19                             ANNAMARIE KEMPIC

20                             Deputy Chief Counsel for Litigation

21                             DEEONA R. GASKIN

22                             Associate Chief Counsel

23                             U.S. Department of Health and

                               Human Services

24                             Office of the General Counsel

25                             10903 New Hampshire Avenue

                               Silver Spring, MD 20993

26

27

28

   CONSENT DECREE OF PERMANENT INJUNCTION

   C 15-00325 KAW              16

Entry consented to:

For Defendants

X _Jen Ying Fong_
JEN YING FONG
Individually and on behalf of
Fong Kee Tofu Co., Inc. as its Owner

SUNY FONG, in his individual
capacity

X _Yan Hui Fang_
YAN HUI FANG, in his individual
capacity

KASIE LEE
Attorney for Defendants Fong Kee Tofu
Co., Inc. and Suny Fong

For Plaintiff

MIKE BLUME
Director
Consumer Protection Branch

MELANIE SINGH
Counsel
Consumer Protection Branch
Department of Justice, Civil Division
P.O. Box 386
Washington, D.C. 20044
Tel.: (202) 616-9928
Fax: (202) 514-8742

OF COUNSEL:

WILLIAM B. SCHULTZ
General Counsel

ELIZABETH H. DICKINSON
Chief Counsel
Food and Drug Division

ANNAMARIE KEMPIC
Deputy Chief Counsel for Litigation

DEEONA R. GASKIN
Associate Chief Counsel
U.S. Department of Health and
Human Services
Office of the General Counsel
10903 New Hampshire Avenue
Silver Spring, MD 20993

16

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA )
Plaintiff, )
v. )
FONG KEE TOFU CO. INC., )
a corporation, and )
JEN YING FONG, SUNY FONG, and )
YAN HUI FANG, individuals, )
Defendants. )

Civil Action No.

DECLARATION OF COUNSEL

## DECLARATION OF COUNSEL

1. I am the attorney representing Fong Kee Tofu Co. in the above-named action.

2. On January 15, 2015 at 4:30 p.m., all three of the named defendants, Jen Ying Fong, Suny Fong, and Yan Hui Fang, met at my office located at One Sansome Street, 35th Floor, San Francisco, CA 94104.

3. I reviewed the 16-page Consent Decree of Permanent Injunction with all three defendants and provided interpretation of said consent decree in Cantonese, a Chinese dialect.

4. I am fluent in Cantonese and English.

5. All three defendants signed the consent decree after I interpreted it to them in Cantonese.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this 15th day of January, 2015.

Kasie W. Lee, Declarant